UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re RESIDENTIAL CAPITAL, LLC,

                  Debtor.

---

TIA SMITH,

                  Appellant,

   -v-

RESCAP BORROWER CLAIMS TRUST,

                  Appellee.

No. 14-cv-9711 (RJS)
OPINION AND ORDER

---

RICHARD J. SULLIVAN, District Judge:

    Appellant Tia Smith, proceeding *pro se*, appeals from two orders of the Bankruptcy Court (Glenn, B.J.) dismissing all but one of her remaining claims against the debtors in the above-captioned Chapter 11 case. For the reasons set forth below, the Court finds that the Bankruptcy Court's orders are not final or otherwise appealable and that the Court therefore lacks jurisdiction to hear the appeal.

I. BACKGROUND[1]

    The material facts are not in dispute. On May 14, 2012, Residential Capital LLC, a mortgage company, and certain of its subsidiaries and affiliates (collectively, the "Debtors"), filed for Chapter 11 bankruptcy. (Doc. No. 1.) Thereafter, numerous proofs of claims were filed by creditors against the Debtors, including Appellant's proofs of claims at issue in this appeal. Specifically, Appellant brings claims for three million dollars against each of four Debtors for

---

[1] Unless otherwise noted, all docket numbers in this section refer to documents filed in the underlying bankruptcy proceeding, No. 12–12020 (MG).

various causes of action arising under California law based on a home loan that Appellant took out in 2006, which ultimately resulted in the foreclosure of her home in 2011.  (*See* Doc. No. 7598.)  In essence, Appellant alleges that the Debtors are liable for "tricking" her into taking out the loan and for the allegedly wrongful foreclosure that followed, even though none of the Debtors (directly or indirectly) were ever involved in the origination of the loan or the related foreclosure proceedings.  (*See* 14-cv-9711, Doc. No. 10.)

On June 25, 2014, Appellee ResCap Borrower Claims Trust (the "Trust" or "Appellee"), on behalf of the Debtors, filed a motion objecting to Appellant's claims.  (Doc. No. 7188 (the "Objection").)  On October 1, 2014, following motion practice and a hearing on the Objection (Doc. Nos. 7300 and 7410), the Bankruptcy Court issued an Opinion and Order dismissing all but one of Appellant's claims from the bankruptcy case (Doc. No. 7598 (the "October 1 Order")).  Specifically, the Bankruptcy Court found that Appellant's claims were either time-barred or not even liabilities of the Debtors, since no Debtor was involved in or had assumed responsibility for the allegedly wrongful conduct.  (*Id.*)  With respect to the surviving claim – which alleges that the Debtors violated California's Unfair Competition Law (the "UCL claim") – the Bankruptcy Court determined that there were "disputed issues of fact" that could not "be resolved without an evidentiary hearing."  (*Id.* at 27.)  Thereafter, Appellant filed a motion for reconsideration of the October 1 Order with respect to her non-UCL claims (Doc. No. 7691), which the Bankruptcy Court subsequently denied on November 24, 2014, concluding that Appellant had presented no new facts, law, or circumstances warranting such reconsideration, (Doc. No. 7795 (the "November 24 Order" and, with the October 1 Order, the "Orders")).

On December 9, 2014, Appellant appealed the Bankruptcy Court's Orders.  (14-cv-9711, Doc. No. 1.)  Appellant's opening brief was received and docketed on May 5, 2015; the Trust filed

its opposing brief on June 4, 2015; and the appeal was fully submitted on June 17, 2015. (14-cv-9711, Doc. Nos. 10–12.) In its opposition, the Trust argues that the Court should dismiss this appeal as untimely and for lack of jurisdiction since the Bankruptcy Court's Orders are not final and thus not appealable as of right and are not otherwise subject to appeal on an interlocutory basis. (14-cv-9711, Doc. No. 11 at 15–19.)

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 158(a), district courts are vested with appellate jurisdiction over (1) bankruptcy court rulings that are final, and, as relevant, (2) non-final bankruptcy court rulings, with leave of the court. Assuming that appellate jurisdiction exists, a district court will review the bankruptcy court's conclusions of law *de novo* and its findings of fact for clear error. *In re Bennett Funding Grp., Inc.*, 146 F.3d 136, 138 (2d Cir. 1998). An appeal of "a bankruptcy court's denial of a [reconsideration] motion . . . is reviewed under the abuse of discretion standard." *In re Refco Inc.*, No. 07-cv-10708 (RJS), 2009 WL 2355808, at *2 (S.D.N.Y. July 9, 2009) (citations omitted).

## III. DISCUSSION[2]

### A. Timeliness of the Appeal

As an initial matter, the Court declines to dismiss this case for Appellant's alleged failure to timely file her opening brief. First, while Appellant initially failed to file her brief within the 30-day period specified by Federal Rule of Bankruptcy Procedure 8018(a)(1), the Court previously determined in an order dated April 15, 2015 (Doc. No. 9) that this failure was due to "excusable neglect" and therefore extended Appellant's filing deadline to May 1, 2015. *See* Fed. R. Bankr. P. 9006(b)(1) (authorizing courts to extend an otherwise expired deadline specified by the Federal Rules of Bankruptcy Procedure if the failure to act in time "was the result of excusable neglect").

---

[2] Unless otherwise noted, all docket numbers in this section refer to documents filed in the instant appeal, No. 14-cv-9711 (RJS), not the underlying bankruptcy proceeding.

Thus, in light of the Court's prior order, the Court now rejects the Trust's argument that this case should be dismissed pursuant to Rule 8018(a)(1).

As to whether Appellant's opening brief was timely filed with respect to the extended May 1, 2015 deadline, the record clearly reflects that Appellant mailed her brief to the district court on Thursday, April 30, 2015, by "priority mail express" for overnight delivery and with postage prepaid. (*See* Doc. No. 10.) This undoubtedly satisfies the applicable standard for timely filing a bankruptcy appellate brief with the district court. *See* Fed. R. Bankr. P. 8011(a)(2)(B)(i) (providing that a party's brief is timely filed with the district court "if, on or before the last day for filing, [the brief] is . . . mailed to the clerk by first-class mail – or other class of mail that is at least as expeditious," with "postage prepaid"). That the Clerk of the Court did not receive and docket Appellant's brief until May 5, 2015 is of no moment. *See id.* In short, since Appellant's brief was timely filed with respect to the extended May 1, 2015 deadline, the Court rejects the Trust's assertion that this case should be automatically dismissed pursuant to Rule 8018. *See* Fed. R. Bankr. P. 8018(a)(4) (providing that "an appellee may move to dismiss [a bankruptcy] appeal" if "an appellant fails to file a brief on time or within an extended time authorized by the district court").

### B.  The Bankruptcy Court's Orders Are Not Appealable

Despite being timely, Appellant's appeal must be dismissed for lack of jurisdiction since the Bankruptcy Court's Orders are not final, and therefore not appealable as of right, and are not otherwise appealable on an interlocutory basis.

#### 1.  The Orders Are Not Final Orders

Pursuant to 28 U.S.C. § 158(a)(1), district courts have jurisdiction to hear appeals from final orders of bankruptcy courts. The concept of finality is more "flexible" in bankruptcy matters "than in ordinary civil litigation" in that, in bankruptcy, finality is determined with respect to

4

"orders that finally dispose of discrete disputes within the larger [bankruptcy] case." *In re Fugazy Express, Inc.*, 982 F.2d 769, 775 (2d Cir. 1992) (citation omitted). Thus, for a bankruptcy court order to satisfy § 158(a)(1)'s standard of finality, it "need not resolve all of the issues raised by the bankruptcy[,] but it must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief." *Id.* at 776 (citations omitted); *see also id.* at 775–76 ("[W]ith respect to a meritorious claim for damages, the dispute is not completely resolved [for appealability purposes] until the bankruptcy court determines the amount of damages to be awarded."); *In re MSR Resort Golf Course LLC*, No. 14-cv-9491 (JMF), 2015 WL 5172956, at *1 (S.D.N.Y. Sept. 3, 2015) (bankruptcy court's ruling was "[not] a final order" since it "indisputably left several aspects of [appellant's] 'claim' to be adjudicated, as some of [appellant's] claims survived summary judgment, and others were not even addressed" by the bankruptcy court's decision). In all other respects, district courts "apply the same standards of finality [in a bankruptcy case] that . . . apply to an appeal under 28 U.S.C. § 1291." *In re Fugazy Express, Inc.*, 982 F.2d at 775.

Here, it is not disputed – nor could it be – that the Bankruptcy Court's Orders are not final within the meaning of § 158(a)(1), since they "indisputably left several aspects of [Appellant's] 'claim[s]' to be adjudicated," including with respect to the merits of and potential damages for Appellant's UCL claim. (*See, e.g.*, No. 12–12020 (MG), Doc. No. 7598 at 27 (concluding "that there are disputed issues of fact" with respect to Appellant's UCL claim "that cannot be resolved without an evidentiary hearing").) Accordingly, since the Bankruptcy Court's Orders are not final, they are not appealable as of right.

2. The Orders Are Not Appealable Under the Collateral Order Doctrine

The Court also rejects the argument – raised for the first time in Appellant's reply brief – that the Bankruptcy Court's Orders are appealable pursuant to the "collateral order doctrine." (*See*

5

Doc. No. 12 at 1.)  The collateral order doctrine "is a judicially created exception to the final decision principle; it allows immediate appeal from orders that are collateral to the merits of the litigation and cannot be adequately reviewed after final judgment." *Germain v. Conn. Nat'l Bank*, 930 F.2d 1038, 1039–40 (2d Cir. 1991); *see also In re Adelphia Commc'ns Corp.*, 333 B.R. 649, 657–58 (S.D.N.Y. 2005) (explaining that a bankruptcy decision may be appealed under this doctrine only if all three of the following requirements are met: "the decision would (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action[ ], and (3) be effectively unreviewable on appeal from a final judgment" (citations omitted)).  Nevertheless, "the conditions for collateral order appeal [are] stringent," *Dig. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994), and because this exception "is in derogation of the federal policy against piecemeal appeals," the Supreme Court has emphasized that it is a "'narrow exception . . . whose reach is limited to trial court orders affecting rights that will be irretrievably lost in the absence of an immediate appeal,'" *Germain*, 930 F.2d at 1040 (quoting *Richardson–Merrell, Inc. v. Koller*, 472 U.S. 424, 430–31 (1985)).  *See also Dig. Equip. Corp.*, 511 U.S. at 868 ("[W]e have . . . repeatedly stressed that the 'narrow' exception should stay that way and never be allowed to swallow the general rule . . . that a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated." (citations omitted)).  Not surprisingly, the "'possibility that a ruling may be erroneous and may impose additional litigation expense is not sufficient to set aside the finality requirement.'"  *In re Adelphia Commc'ns Corp.*, 333 B.R. at 658 (quoting *Richardson–Merrell, Inc.*, 472 U.S. at 436).

     Here, the Court easily finds that Appellant's appeal fails to meet this stringent standard.  At a minimum, it is clear that the instant appeal does not satisfy the third requirement, since

Appellant has presented no evidence – nor could she – showing that her rights will be "irretrievably lost in the absence of an immediate appeal" of the interlocutory Orders.  To the contrary, once the instant dispute is finally resolved, Appellant will have an opportunity to exercise the very same rights that she is currently attempting to invoke at this interlocutory stage.  Specifically, Appellant will be able to appeal the Bankruptcy Court's final ruling as to her claims, at which point she may make the same arguments that she currently seeks to have heard.  *See, e.g.*, *United States v. Weiss*, 7 F.3d 1088, 1090–91 (2d Cir. 1993) (district court's order denying defendant's motion to dismiss was not appealable as a collateral order because it did not satisfy the third requirement since defendant would be "entitled to appeal any conviction based on the . . . indictment," at which point he could "assert his present claims" as to why it should have been dismissed); *In re Johns-Manville Corp.*, 824 F.2d 176, 180–81 (2d Cir. 1987) (bankruptcy order not appealable under this doctrine because, even assuming that it met the first two requirements, it failed the third, since appellant would be able to assert the same "challenge [to] the denial of its request . . . at the conclusion of the bankruptcy proceeding").  Accordingly, the Court finds that Appellant has failed to show that the Bankruptcy Court's Orders are immediately reviewable pursuant to the collateral order doctrine.

### 3.  The Orders Are Not Appealable on an Interlocutory Basis

Appellant's argument that the Court should grant leave to appeal the Bankruptcy Court's Orders on an interlocutory basis – an argument that Appellant also raises for the first time in her reply brief – is equally unavailing.[3]  (*See* Doc. No. 12.)  Pursuant to 28 U.S.C. § 158(a)(3), the district court has discretion to grant an interlocutory appeal for certain non-final bankruptcy orders.

---

[3] Appellant did not file a motion for leave to appeal as required by the Federal Rules of Bankruptcy Procedure.  *See* Fed. R. Bankr. P. 8003(a) and 8004(a).  The Court nevertheless construes Appellant's notice of appeal as such a motion.  *See id.* at 8004(d).

*See also In re Kassover*, 343 F.3d 91, 94 (2d Cir. 2003) (explaining that district courts have "discretionary appellate jurisdiction over an interlocutory order of a bankruptcy court"). In the bankruptcy context, "[t]o determine whether leave to appeal should be granted, district courts apply the standards prescribed in 28 U.S.C. § 1292(b)," *In re Perry H. Koplik & Sons, Inc.*, 377 B.R. 69, 73 (S.D.N.Y. 2007) (citation omitted), that is, the same standard that "'governs interlocutory appeals from orders of the district court,'" *In re Lyondell Chem. Co.*, No. 11-mc-387 (JPO), 2012 WL 163192, at *4 (S.D.N.Y. Jan. 18, 2012) (quoting *In re Coudert Bros. LLP*, 447 B.R. 706, 711 (S.D.N.Y. 2011)).

Pursuant to § 1292(b), a district court may certify an appeal of an interlocutory order if it finds that all three of the following factors are met: (1) the "order involves a *controlling* question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *In re Perry H. Koplik & Sons, Inc.*, 377 B.R. at 73 (emphasis added) (citation omitted). In addition, the party seeking an interlocutory appeal "has the burden of showing 'exceptional circumstances' to overcome the general aversion to piecemeal litigation and 'justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Id.* (quoting *Klinghoffer v. S.N.C. Achille Lauro Ed Altri–Gestione Motonave*, 921 F.2d 21, 25 (2d Cir. 1990)). "[I]nterlocutory appeals from bankruptcy courts' decisions" are "disfavored in the Second Circuit." *In re Lyondell Chem. Co.*, 2012 WL 163192, at *4 (citation omitted). Indeed, the Second Circuit has noted that Congress passed § 1292(b) "'primarily to ensure that the courts of appeals would be able to rule on . . . ephemeral questions of law that might disappear in the light of a complete and final record.'" *Sun v. China 1221, Inc.*, No. 12-cv-7135 (RJS), 2015 WL 5544257, at *3 (S.D.N.Y. Sept. 17, 2015) (quoting *Weber v. U.S. Tr.*, 484 F.3d 154, 159 (2d Cir.

2007)).  Therefore, "an interlocutory appeal is a 'rare exception' where, in the discretion of the district judge, it 'may avoid protracted litigation.'"  *Id.* (quoting *In re World Trade Ctr. Disaster Site Litig.*, 469 F. Supp. 2d 134, 144 (S.D.N.Y. 2007)).  Consequently, "'federal practice strongly disfavors discretionary interlocutory appeals [as they] prolong judicial proceedings, add delay and expense to litigants, burden appellate courts, and present issues for decisions on uncertain and incomplete records, tending to weaken the precedential value of judicial opinions.'"  *Id.* (alteration in original) (quoting *In re World Trade Ctr. Disaster Site Litig.*, 469 F. Supp. 2d at 144).

Regarding the first factor, although a "controlling question of law" "need not affect a wide range of pending cases, . . . the question presented must still be a legal one," *In re MSR Resort Golf Course LLC*, 2015 WL 5172956, at *2 (citations omitted), and "must refer to a *pure* question of law that the reviewing court could decide quickly and cleanly without having to study the record," *In re Perry H. Koplik & Sons, Inc.*, 377 B.R. at 74 (emphasis added) (citation omitted).  Not surprisingly, "[q]uestions regarding application of the appropriate law to the relevant facts are generally not suitable for certification under § 1292(b)."  *Id.* (citation omitted).  As to the second prong, "[f]or there to be a 'substantial ground for difference of opinion' under the law . . . there must be substantial doubt that the district court's order was correct."  *In re Lehman Bros. Holdings Inc.*, No. 13-cv-2211 (RJS), 2014 WL 3408574, at *1 (S.D.N.Y. June 30, 2014) (citation omitted).  This requires "'more than strong disagreement between the parties'" as to the issue sought to be appealed.  *In re Perry H. Koplik & Sons, Inc.*, 377 B.R. at 74 (quoting *In re Enron Corp.*, No. 05-01105 (SAS), 2006 WL 2548592, at *4 (S.D.N.Y. Sept. 5, 2006)).  Thus, "a bare claim that a bankruptcy court's ruling was incorrect is not sufficient to satisfy the standard."  *Id.* (citation omitted).  Rather, this prong is satisfied (1) "if the issue is difficult and of first impression"; or (2) "if there is conflicting authority on the issue."  *Id.* (citations omitted).  The third prong is met if an

immediate appeal promises to advance or shorten the time required for trial. *Id.* (citing *Transp. Workers Union of Am., Local 100, AFL–CIO v. N.Y.C. Transit Auth.*, 358 F. Supp. 2d 347, 350 (S.D.N.Y. 2005)).

Here, the Court finds that Appellant has failed to meet any of the three requirements of § 1292(b). First, the issues that Appellant seeks to appeal – that is, (1) whether the declarations submitted in connection with the Trust's Objection should have been deemed inadmissible hearsay; (2) whether, under California law, Appellant was entitled to invoke the delayed discovery doctrine in connection with her otherwise time-barred claims; and (3) whether one of the Debtors "ceased all mortgage servicing activities after September 24, 2007" (Doc. No. 12 at 1) – do not involve questions of law, much less any pure or otherwise controlling questions of law. To the contrary, the first two questions presented are precisely those "not suitable for certification under § 1292(b)," since they concern "application of the appropriate law" – here, the Federal Rules of Evidence and California's delayed discovery rule – "to the relevant facts" of this case. *See In re Perry H. Koplik & Sons, Inc.*, 377 B.R. at 74; *see, e.g.*, *Abortion Rights Mobilization, Inc. v. Regan*, 552 F. Supp. 364, 366 (S.D.N.Y. 1982) (granting an interlocutory appeal is not appropriate for "securing early resolution of disputes concerning whether the trial court properly applied the law to the facts"). And the third question presented – whether the Debtors "ceased all mortgage servicing activities after September 24, 2007" – is simply a pure question of fact and thus an inappropriate basis on which to grant an interlocutory appeal.

Even if these issues concerned questions of law – and they do not – any such questions would still not be *controlling* issues of law, since reversal of the Bankruptcy Court's Orders would not "result in dismissal of the action" or otherwise "significantly affect the conduct of the action." *See S.E.C. v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 227 (S.D.N.Y. 2000). While reversal of

the Orders would, to be sure, expand the scope of the remaining dispute between Appellant and the Trust, that is not the type of "significant" impact contemplated under § 1292(b), which is concerned with whether an interlocutory appeal would "simplify" – not complicate – matters. *Cf. id.* ("[W]hile reversal of this Court's decision . . . would indeed affect the way in which this litigation is conducted, it is not at all clear that it would simplify matters so as to materially advance termination of the litigation and thus warrant certification under Section 1292(b)."). Nor can it be argued that the issues sought to be appealed, which are highly fact-specific, would "ha[ve] precedential value for a large number of cases." *Id.* In any event, this consideration alone would be insufficient to establish the "controlling question of law" factor. *See id.* ("Precedential value, while certainly something that should be considered, is not in this Court's view per se sufficient to meet the 'controlling issue of law' standard.").

Second, Appellant does not even assert, let alone demonstrate, that the Bankruptcy Court's Orders implicate issues to which there is "substantial ground for difference of opinion." *See, e.g.*, *In re Coudert Bros. LLP*, 447 B.R. at 713 ("The lack of any authority to support the [appellants'] contention regarding hourly fee matters defeats [their] position that there is substantial basis for dispute. That alone is sufficient to deny [appellants] leave to appeal."). And in any event, the Court finds that the correctness of the Bankruptcy Court's dismissal of Appellant's non-UCL claims is quite obvious. With respect to the time-barred claims, the Bankruptcy Court determined that the delayed discovery rule did not apply. Given Appellant's admission that the documents on which her claims were based – such as her loan application and the loan's promissory note – had been in her possession or were otherwise public and readily accessible to her long before the applicable limitations periods expired, it can hardly be argued that the Bankruptcy Court erred. Moreover, Appellant presented no evidence demonstrating her diligence or that there were

11

extraordinary circumstances that prevented her from timely filing her claims; in fact, with respect to her loan documents, Appellant admitted that she simply did not get around to "review[ing] [her] [Loan] Application until sometime in June of 2011," despite having had a copy since at least 2009, and that she "failed to read the [loan's promissory] Note . . . until August 10, 2013," despite having had a copy since at least 2011.  (Doc. No. 10 at 17.)  As for the other claims that were dismissed, there is no substantial doubt as to the correctness of the Bankruptcy Court's conclusion that the Debtors were not potentially liable for any such claims, since the Debtors were never involved in the origination of Appellant's loan or the related foreclosure proceedings, and Appellant has presented no evidence to suggest that the Debtors somehow assumed any such liability.  In short, given the absence of any difficult or first-impression issues, the lack of any allegedly conflicting authority, and the specific facts of this case, the Court finds that there is no substantial doubt that the Bankruptcy Court's Orders were correct.

Finally, the Court finds that an interlocutory appeal of the Bankruptcy Court's Orders would not "materially advance the ultimate termination of the litigation," and would in fact have the opposite effect by needlessly resulting in piecemeal litigation.  *See Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 373 (S.D.N.Y. 2008) ("[P]laintiffs have failed to demonstrate that the immediate appeal of this action would result in the saving of judicial resources or otherwise avoid protracted litigation. . . .  Indeed, it appears more likely that the granting of an immediate appeal will have the opposite effect[] [of] prolonging litigation.").

Even if Appellant could satisfy all three factors under § 1292(b), the Court would still deny her request for an interlocutory appeal since this case does not present the sort of "exceptional circumstances" that would justify such an appeal.  *See Sun*, 2015 WL 5544257, at *5 ("Since the Court's August Opinion is qualitatively indistinguishable from most orders granting partial

summary judgment on the grounds of time bar, Plaintiffs have failed to demonstrate the exceptional circumstances required under § 1292(b)." (citing *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996))); *cf. Century Pac., Inc.*, 574 F. Supp. 2d at 371 (explaining that an interlocutory appeal under § 1292(b) is a "rare exception" that is generally reserved for "'ephemeral questions of law that might disappear in the light of a complete and final record'" (quoting *Weber*, 484 F.3d at 159)). Accordingly, the Court denies Appellant's belated request for leave to file an interlocutory appeal.

## IV. CONCLUSION

For the reasons stated above, the Court finds that the Bankruptcy Court's Orders are not subject to appeal as of right or on an interlocutory basis. Accordingly, IT IS HEREBY ORDERED THAT Appellant's request for an interlocutory appeal is DENIED and this case is dismissed for lack of appellate jurisdiction over the Bankruptcy Court's Orders. The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

Dated:   September 30, 2015
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-30-15
```